# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS THOMPSON,<br><br>Petitioner,<br><br>v.<br><br>FRANKLIN J. TENNIS, et al.,<br><br>Respondents. | CIVIL ACTION<br><br>No. 08-4365 |

**MEMORANDUM**

On September 11, 2008, petitioner Thomas Thompson filed a petition for a writ of habeas corpus seeking relief from a state court conviction of (1) theft by receiving stolen property and (2) unauthorized use of a motor vehicle. Petitioner alleged two grounds for relief. First, petitioner alleged ineffective assistance of trial counsel based on counsel's agreement to a stipulation based on materially false information. Second, petitioner alleged there was insufficient evidence to convict him of theft by receiving stolen property and unauthorized use of a motor vehicle. On January 22, 2009, Chief Magistrate Judge Thomas J. Rueter issued a Report and Recommendation ("R&R") recommending that Thompson's petition be denied. On February 2, 2009 petitioner filed objections to the R&R, moving for an evidentiary hearing and

1

arguing ineffectiveness of counsel and insufficiency of the evidence to support his convictions. After reviewing Judge Rueter's R&R, this Court has determined that the R&R should be approved and adopted.

## SUFFICIENCY OF THE EVIDENCE

When reviewing a habeas corpus challenge to the sufficiency of the evidence, a federal court must determine, "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Id. at 324 n. 16. A state appellate court rejection of a challenge to evidentiary sufficiency is "entitled to deference by the federal courts." Id. at 323.

Under Pennsylvania law, a defendant is guilty of theft by receiving stolen property if he "intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa. Cons. Stat. Ann. § 3925(a). Knowledge that the property was stolen can be proved by showing the defendant was "reckless with respect to the owner's lack of consent in that he had consciously disregarded a substantial and unjustifiable risk that the owner has not consented." Commonwealth v. Carson, 592 A.2d 1318, 1322 (Pa. Super. Ct.), appeal denied, 600 A.2d 533 (Pa. 1991). To convict a defendant of unauthorized use of an automobile, the Commonwealth must prove that (1) the defendant has been operating the vehicle without the owner's consent, and (2) the defendant knew or had reason to know that he lacked the permission of the owner to operate the vehicle. 18 Pa. Cons.

Stat. Ann. § 3928.

The evidence at trial showed that (1) a Camaro was stolen from a car dealer on November 17, 2003; (2) the petitioner purchased the car with dealer plates on it from a man called "T" in a Wendy's parking lot; (3) the car was worth $8,000, but "T" wanted petitioner to purchase it for $2,000; (4) petitioner was given a sheet of paper by "T" in exchange for money; and (5) on November 20, 2003, petitioner was stopped while driving the Camaro erratically, still with the dealer plates on it, and was unable to produce any proof of ownership of the vehicle or explain his possession of the stolen vehicle.

The state court determined that the evidence was sufficient to demonstrate that petitioner knew or should have known that the car was stolen. See Commonwealth v. Thompson, No. 7078-03, slip op. at 609 (C.P. Del. Dec. 12, 2005) (Hazel, J.), aff'd, No. 2385 EDA 2005 (Pa. Super. Ct. Aug. 25, 2006). The state court based its decision on these facts and Pennsylvania law, which states that knowledge can be inferred from the close proximity between the date the car was stolen and petitioner's unexplained possession of the car. Id. Petitioner's insufficient explanation of his possession of the vehicle days after it was stolen, the purchase price being far below the value of the car, petitioner's failure to produce proof of ownership, and the presence of easily recognizable dealer plates on a car purchased outside of a dealership constitute sufficient evidence that petitioner knew or should have known the car was stolen and that he lacked the consent and permission of the owner to operate the vehicle. The R&R correctly concludes that the state court's decision was not based on an unreasonable determination of the facts in light of the evidence at the state court proceeding. 28 U.S.C. § 2254(d)(2).

INEFFECTIVENESS OF COUNSEL

Petitioner argues that his counsel's performance was ineffective because counsel agreed to stipulate to the fact that defense witness Patrick J. Driscoll had a prior conviction for theft when, in fact, Driscoll had no such conviction. Under Strickland v. Washington, for a petitioner to successfully argue ineffective assistance of counsel, he must demonstrate that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. 466 U.S. 668, 687 (1984). To demonstrate the prejudice prong, the petitioner must show there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Hummel v. Rosemeyer, 564 F.3d 290, 303 (3d Cir. 2009).

Petitioner suffered no prejudice from counsel's stipulation because Driscoll's testimony does not exculpate him. At trial, Driscoll testified that he agreed to follow a man named Tyrone, who goes by "T," from Chester to Media. N.T, 6/3/04, at 58. Driscoll testified that he went with "T" to a Wendy's parking lot where he observed petitioner and a black Camaro with dealer plates on it, but Driscoll then left the premises. N.T, 6/3/04, at 58, 59, 63. Driscoll saw petitioner give money to "T" and saw "T" give petitioner a slip of paper. N.T, 6/3/04, at 65. Driscoll then drove "T" back to Chester. N.T, 6/3/04, at 64. Driscoll testified that he saw petitioner two or three days later at a local bar and observed that petitioner was driving the Camaro, which still had the dealer plates. N.T, 6/3/04, at 66-67. Driscoll asked petitioner why he still had the dealer plates on and petitioner stated he was changing everything over with Tyrone the next day. N.T, 6/3/04, at 66-67. Driscoll told petitioner that it had already been a few days and he should get that changed immediately, and that petitioner was getting ripped off. N.T, 6/3/04, at 67.

Driscoll's testimony establishes that petitioner purchased a Camaro with dealer plates on it in a parking lot and was given a slip of paper by the seller. When stopped by police, however,

4

petitioner could not produce any proof of ownership of the vehicle. Thus, rather than exculpating petitioner, Driscoll's testimony provides evidence that petitioner knew or had reason to know that he had purchased a car whose documented ownership was unknown to him, and that petitioner knew or had reason to know he lacked the owner's permission to operate the vehicle as required by statute. See 18 Pa. Cons. Stat. Ann. § 3925, 18 Pa. Cons. Stat. Ann. § 3928. Since Driscoll's testimony, viewed as fully credible, is not exculpatory, petitioner would have been convicted regardless of whether petitioner's counsel entered into the stipulation. Petitioner's claim fails the prejudice prong of Strickland and thus no finding is necessary as to the deficiency prong. Petitioner's ineffectiveness claim must fail.

MOTION FOR AN EVIDENTIARY HEARING AND CERTIFICATE OF APPEALABILITY

The right to an evidentiary hearing is not absolute. Commonwealth v. Payne, 794 A.2d 902 (Pa.Super. 2002). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), where an evidentiary hearing is permissible, the federal courts have discretion in determining whether to grant a hearing. 28 U.S.C. § 2254(a). In exercising its discretion, the court should determine whether the hearing would have the potential to advance the petitioner's claims. Campbell v. Vaughn, 209 F.3d 280, 287 (3d Cir. 2000). The issues of fact advanced by the petitioner include whether he was able to supply police with a driver's license and whether defense witness Driscoll had been convicted of theft, as was stipulated to at trial. Whether petitioner could produce a driver's license is not material and has no potential to advance petitioner's claims.[1] Whether Driscoll had been convicted of theft is not in dispute because both

---

[1] Petitioner correctly argues that the R&R states that he was unable to produce a driver's license at the time he was pulled over despite there being no such evidence in the record. Accordingly, the statement in the R&R that "Petitioner was unable to produce a driver's license .

parties have agreed that Driscoll did not have such a conviction. (See Commonwealth's Answer and Memorandum of Law, 2). Further, as Driscoll's testimony is not exculpatory, whether he was convicted of theft is immaterial to the resolution of the claims. Thus an evidentiary hearing would not resolve any issues which would advance petitioner's claims. Petitioner's motion for an evidentiary hearing will accordingly be denied.

Finally, petitioner argues that a Certificate of Appealability ("COA") should be issued in this case. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2553 (2006). Rather, Section 2253(c) only permits the issuance of a COA where petitioner has made a "substantial showing of the denial of a constitutional right." In other words, "a petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed." Miller-El v. Cockrell, 537 U.S. 322, 335 (2003). Petitioner has not met either prong of this test. Petitioner's request for a COA will accordingly not be granted.

Pursuant to the foregoing, the court will (1) approve and adopt the R&R, and (2) dismiss Thompson's petition for a writ of habeas corpus.

---

. ." is not adopted by this court. Whether petitioner produced a driver's license, however, is not material to any of his claims and so the remainder of the R&R is unaffected by this discrepancy.